IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JUAN RODRIGUEZ-VERA, #05718-017, and CRISTIAN NOEL IGLESIAS, #17248-018,<br><br>      Plaintiffs,<br><br>  vs.<br><br>HELEN GILLMOR, Chief Judge for the District of Hawaii, and LINDA LINGLE, Governor for the State of Hawaii,<br><br>      Defendants. | CIV. NO. 06-00442 SOM/BMK<br><br>ORDER OF DISMISSAL PURSUANT TO 28 U.S.C. § 1915 |

## ORDER OF DISMISSAL PURSUANT TO 28 U.S.C. § 1915

On August 14, 2006, *pro se* plaintiffs Juan Rodriguez-Vera and Cristian Noel Iglesias (collectively "Plaintiffs"), filed this prisoner civil rights action. For the following reasons, the Court dismisses the Complaint for lack of jurisdiction and venue, and as factually frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(I) & (ii) & 1915A(a).

### BACKGROUND

Plaintiffs are federal inmates currently incarcerated at the Federal Medical Center-Fort Devens, located in Ayer, Massachusetts. Plaintiffs name the Honorable Helen Gillmor, Chief United States District Judge for the District of Hawaii, and Hawaii Governor Linda Lingle, as Defendants to this action.

Plaintiffs' Complaint states:

Defendants have over stepped their power.
    (A). By sentencing very harsh sentences.
    (B). Not investigating the full facts.
    (C). Cruel & unus[u]al punishment.
    (D). Torture & very brutal beatings while
        incarcerated, due to the Defendants powers.
    (E). Enormus (sic) pain & suffering while being
        incarcerated falsely.
    (F). Abusive & torture due to the Defendants
        Power.

(Compl. ¶ 2.)

Plaintiffs seek release from confinement, $250,000 in damages from each Defendant, expungement of their criminal records, court costs, termination of Defendants' positions, and apologies.

The court takes judicial notice of the public records and dockets in Plaintiffs' federal criminal convictions, as well as the criminal database in the District of Hawaii. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (stating that courts may "consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment."); Fed. R. Evid. 201(b) (the court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned).

Rodriguez-Vera was convicted in the United States District Court for the Northern District of Florida, in Cr. No. 5:03-

00049-01 MCR, of Illegal Re-entry into the United States After
Deportation for an Aggravated Felony, in violation of 8 U.S.C.
§ 1326.  On March 8, 2004, Rodriguez-Vera was sentenced to forty-
six months of incarceration, with a three-year term of
supervision.

Iglesias has a more extensive criminal history in the
federal courts.  On March 25, 1994, Iglesias was sentenced in the
United States District Court for the Middle District of Florida,
to thirty months of incarceration for one count of Mailing
Threatening Communications, in violation of 18 U.S.C. § 876.
This sentence was satisfied on May 30, 1996.

On December 20, 1994, Iglesias was sentenced in the United
States District Court for the Western District of Oklahoma, to
fifty-two months of incarceration for two counts of Mailing
Threatening Communications, in violation of 18 U.S.C. § 876.
This sentence was satisfied on March 1, 2004.

On April 25, 1997, Iglesias was sentenced in the United
States District Court for the Middle District of Florida, to
forty-six months of incarceration with thirty-six months
supervised release, for one count of Mailing Threatening
Communications, in violation of 18 U.S.C. § 876.

Finally, on July 28, 2005, Iglesias was sentenced in the
United States District Court for the Southern District of
Florida, to 240 months of incarceration with five years of

3

supervised release, for one count of Threatened Use of a Weapon of Mass Destruction, in violation of 18 U.S.C. § 2332a(b).

Neither Plaintiff has ever been arrested, tried, convicted, or sentenced within the United States District Court for the District of Hawaii, nor has either Plaintiff ever appeared before Judge Gillmor in any proceeding or action in this court.

## LEGAL STANDARD

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.*; 28 U.S.C. § 1915A(b)(1), (2).

The court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt.  *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001).  "'[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 558 (9th Cir. 1995) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  "Unless it is absolutely clear that no amendment can cure the defect

4

. . . , a *pro se* litigant is entitled to notice of the
complaint's deficiencies and an opportunity to amend prior to
dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245,
248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1127
(9th Cir. 2000) (*en banc*).

## DISCUSSION

Although Plaintiffs allege jurisdiction solely under 42
U.S.C. § 1983, the court construes the claims against Judge
Gillmor as brought pursuant to *Bivens v. Six Unknown Named Agents
of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  *Bivens*
actions are identical to actions brought pursuant to 42  U.S.C.
§ 1983 "save for the replacement of a state actor under § 1983 by
a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406,
409 (9th Cir. 1991) (borrowing state personal-injury statute of
limitation for *Bivens* action).

To state a claim under 42 U.S.C. § 1983, a plaintiff must
allege two essential elements: (1) that a right secured by the
Constitution or laws of the United States was violated; and
(2) that the alleged violation was committed by a person acting
under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

There are numerous infirmities in Plaintiffs' Complaint that
require dismissal.  First, Plaintiffs appear to be challenging
their convictions and sentences.  They state that Respondents
"over stepped their power," failed to fully investigate the

5

charges against Plaintiffs, and sentenced Plaintiffs to "very harsh sentences," constituting cruel and unusual punishment. (Compl. 2 ¶ 2.)  In their claim for relief, they seek release from confinement, expungement of their criminal records, injunctive relief, as well as monetary damages.

"[W]hen a [] prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or speedier release from that imprisonment, his sole remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Moreover, to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a State tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id*. at 487.

When a prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff

would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.[1] *Id.* at 487.

Here, a determination in Plaintiffs' favor would necessarily imply the invalidity of their convictions and sentences. It is clear that Plaintiffs are still incarcerated and their convictions have not been overturned or expunged. Accordingly, insofar as their claims challenge their convictions and sentences, and seek immediate or speedier release from confinement, those claims are DISMISSED, without prejudice to refiling such claims in the proper federal district. For Rodriguez-Vera, this would be in the Northern District of Florida. For Iglesias, this would be in either the Middle or Southern Districts of Florida or in the Western District of Oklahoma. Jurisdiction over their § 2255 motions does not, however, lie in Hawaii. *See Braden v. 30th Judicial Circuit*

---

[1] However, where the complaint alleges claims that sound in habeas and claims that do not, the court should allow the non-habeas claims to proceed. *See Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 681-82 (9th Cir. 1982). Plaintiffs claims, that they have suffered "torture & very brutal beatings while incarcerated," and "enormo[u]s pain & suffering while being incarcerated falsely," are clearly conditions of confinement claims, properly brought under § 1983. (Compl. 2.) These claims, therefore, are not subject to dismissal under *Preiser* or *Heck*.

*Court*, 410 U.S. 484, 495 (1973) (stating that only the sentencing court has jurisdiction to consider a § 2255 motion).

Second, insofar as Plaintiffs allege that they are currently being beaten, tortured, and abused, venue for these claims does not lie in Hawaii.  When jurisdiction is not founded solely on diversity, such as in an action brought under 42 U.S.C. § 1983, venue is proper in the district in which: (1) any defendant resides, if all of the defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) any defendant may be found, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b); *see also Ziegler v. Indian River County*, 64 F.3d 470 (9th Cir. 1995) (extensive discussion on jurisdiction); *Flanagon v. Shively*, 783 F. Supp. 922, 935-37 (M.D. Penn. 1992).  Venue may be raised by the court *sua sponte* when the defendant has not yet filed a responsive pleading and the time for doing so has not run.  *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

Here, although both Defendants reside in Hawaii, as discussed above, it is a factual impossibility for either Judge Gillmor or Governor Lingle to have had any connection to Plaintiffs' allegations of beatings and abuse at their prisons. Even assuming Plaintiffs have been beaten or abused, venue for

these claims lies in Massachusetts, where Plaintiffs are incarcerated, and where these alleged constitutional violations took place.

Once a court determines that venue is improper, it should examine the merits of the plaintiff's action to decide whether the interests of justice require transfer instead of dismissal. *See, e.g.*, *King v. Russell*, 963 F.2d 1301, 1305 (9th Cir. 1992). Transferring a case that would be dismissed does not further the interests of justice. *See Shemonskey v. Office of Thrift Supervision, Dep't of Treasury*, 733 F. Supp. 892, 895 (M.D. Pa. 1990) (suit against federal agency dismissed for failure to exhaust administrative remedies, instead of being transferred for improper venue), *aff'd*, 922 F.2d 833 (3d Cir. 1990); *Safeco Ins. Co. v. Miller*, 591 F. Supp. 590, 597 (D. Md. 1984) (transfer would not serve the "interest of justice" where the case, if transferred, would merely be dismissed in the transferee court); *Froelich v. Petrelli*, 472 F. Supp. 756, 763 (D. Haw. 1979) (not in interest of justice to transfer case to California because case would simply be dismissed under the statute of limitation).

It is not in the interests of justice to transfer this action to the federal district court in Massachusetts. Plaintiffs' claims against Judge Gillmor and Governor Lingle are frivolous and would likely be dismissed.  Neither Plaintiff was arrested, tried, convicted, sentenced, or incarcerated in Hawaii.

It is therefore, a factual impossibility for either Judge Gillmor or Governor Lingle to have had any connection to Plaintiffs and their claims.  A complaint is frivolous for purposes of § 1915 if it lacks any arguable basis in fact or law.  *See Neitzke v. Williams*, 490 U.S. 319, 328-30 (1989).  While the facts alleged in a complaint should generally be accepted as true for purposes of entering judgment on the pleadings, clearly baseless factual contentions may dismissed as frivolous under § 1915.  *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

The Complaint is dismissed in accordance with the directions of this Order.  As amendment to this Complaint would be futile, this dismissal is without leave to amend.  Plaintiffs may, however, file separate § 2255 motions in the district where they were convicted and sentenced.  Plaintiffs may also file another § 1983 action protesting the conditions of their confinement in the United States District Court for the District of Massachusetts.

## CONCLUSION

1.   This action is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(I) & (ii) & 1915A(a), without leave to amend. Claims challenging Plaintiffs' convictions and sentences are DISMISSED without prejudice to the refiling of a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence in the proper federal district court.

10

      2.    The Clerk of Court is DIRECTED to send a copy of this order to Plaintiffs as well as to Chief Judge Gillmor and to Mark Bennett, Attorney General for the State of Hawaii, located at 425 Queen Street, Honolulu, Hawaii 96813.

      3.    The Clerk is further DIRECTED to close this case file.

      IT IS SO ORDERED.

      DATED: Honolulu, Hawaii; August 23, 2006.



_____
Susan Oki Mollway
United States District Judge

Rodriguez-Vera and Iglesias v. Gillmor, et al., Civ. No. 06-00442 SOM-BMK; ORDER OF DISMISSAL PURSUANT TO 28 U.S.C. § 1915; dmp/ Screening Orders 06/ Iglesias & Rodriguez-Vera, 06-442 (dsm C Friv. venue, juris.)

11